BOARD OF SUPERVISORS OF WINSTON COUNTY *v.* ADAMS, CHANCERY CLERK.

(Division B. Nov. 21, 1932.)

[144 So. 476. No. 30407.]

**Rodgers & Prisock,** of Louisville, for appellant.

164

E. M. Livingston, of Louisville, for appellee.

Argued orally by **Harry Rogers,** for appellant, and by **E. M. Livingston,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

At the regular October, 1932, meeting of the board of supervisors of Winston county, the following order was made and entered on the minutes of the board:

"Be it remembered that this day come on for consideration the matter of borrowing money to pay school carriers and teachers' salaries during the months of the session of 1932 and 1933, and there are no funds in the treasury for this purpose. It appearing to the Board of Supervisors that there are funds in the Common County Sinking Fund not needed to pay interest or bonds before March 1, 1933, and it further appearing to the Board that said School Fund is very much in need of funds to pay school carriers and teachers' salaries.

"It is, therefore, ordered by the Board of Supervisors that the sum of one thousand six hundred sixty dollars be borrowed from the Common County Sinking Fund by the Common School Fund at the rate of six per cent per annum from date until paid, and that said sum be due and payable March 1, 1933, and that said interest and principal in the sum of one thousand six hundred sixty dollars be paid out of the Common School Fund.

"It is further ordered by the Board that the President of the Board of Supervisors and the Chancery Clerk execute a note payable on the 1st day of March, 1933, in the sum of one thousand six hundred sixty dollars with six per cent interest from date until paid, payable to the Common County Interest and Sinking Fund and payable out of the Common School Fund of said county.

"It is further ordered that the Chancery Clerk L. W. Adams issue a warrant payable out of the Common County Sinking Fund in the sum of one thousand six hundred sixty dollars payable to the Common School Fund."

The chancery clerk declined to execute the note or to issue the warrant required by the order. The board by a petition in mandamus sought to compel her, but the

circuit judge sustained a demurrer to the petition and declined to grant the relief sought, and in this we think the judge was right.

It will be observed from the terms of the order that the effort was to borrow from the common county sinking fund without compliance, however, with sections 251 and 252, Code 1930, which are the sections which deal with the specific subject of borrowing money by the board of supervisors. Appellants do not claim that they were proceeding under those sections, but aver that they were availing of the provisions of section 5988, Code 1930, which authorizes the board to invest surplus sinking funds ''in the bonds or other obligations of the United States government, the State of Mississippi, or of any county, municipality, levee district, school district, road district, drainage district or any taxing district issued under the authority of any law of the State of Mississippi, and to pay a premium therefor if necessary, provided that no bonds or other obligations shall be purchased with such funds until the validity of said bonds or other obligations shall have been unqualifiedly approved by some reputable bond attorney,'' etc.

We think it fairly obvious from a close study of section 5988, in connection with other cognate sections and with the general system of county financial administration, that said section does not authorize the borrowing or transferring of money from a sinking fund on a simple promissory note executed upon any such an order of the board as that set forth hereinabove. If that could be done, which the board has here proposed, the sanctity and stability of the sinking fund, raised and laid aside for a special purpose and to which the good faith and credit of the county is most solemnly and specifically pledged, would be no longer more than a name—a shadow with nothing of real substance. If such a fund could be transferred or expended upon the simple note of the county without more, then for all practical purposes the sinking funds had as well be deposited in the

first place in the general county fund. The borrowing or displacing of sinking funds by the substitution therefor of no more than a simple promissory note is in substance merely to transfer the said sinking fund to another fund and purpose. Such action is not authorized by law, and we are confident that it never will be authorized.

Appellant contends that the defenses interposed by appellee are collateral attacks upon the order of the board, and that her defense should have been by appeal. So far as concerns the writ of mandamus against a public officer, the petitioners must show a clear legal right to have the officer perform the duty sought to be compelled, from which it follows in the converse that mandamus cannot be availed of to compel an officer to do that which he has no legal right to do. The order of the board which is the basis of the petition in this case shows on its face that it is without authority of law, and therefore imposes no legal duty upon the clerk; it shows that if appellee clerk had acted upon said order, she would have done that which she had no legal right to do.

Affirmed.